IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00469-RJC-DSC

| | |
|---|---|
| SHARON VICTORIA WILSON-DYE, et. al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ELISA CHINN-GARY, et. al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendants Jeremy Wilson, Brock & Scott, PLLC, and Trustee Services of Carolina, LLC's Motion to Dismiss Plaintiffs' Complaint" (document #13), "Defendant Brian Moynihan's Motion to Dismiss Plaintiffs' Complaint" (document #14), and the Court's "Order" entered October 19, 2017 (document #15) (directing Plaintiffs to show cause why this matter should not be dismissed and setting a deadline of November 20, 2017 for them to respond). Plaintiffs have not responded to the Court's Order or the Motions to Dismiss, nor have they requested an extension of time to respond.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for the Court's consideration.

In its October 19, 2017 Order, the Court ordered:

> [P]rior to recommending to the Honorable Robert J. Conrad, Jr., the District Judge to whom this case is assigned, that this case be dismissed for failure to prosecute, the Court will allow Plaintiffs an opportunity to show cause why this matter should not be dismissed.

**IT IS THEREFORE ORDERED THAT:**

    1. On or before November 20, 2017, Plaintiffs shall **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. Plaintiffs are warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this case **WITH PREJUDICE**.

Document #15 (emphasis in original). The docket reflects that the Clerk mailed a copy of the Order to each Plaintiff.

The District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Plaintiffs have failed to respond to the Motions to Dismiss as well as the Court's Order. Accordingly, the Court concludes that any sanctions short of dismissal would not be effective.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, as well as those stated in Defendants' briefs, the undersigned respectfully recommends that "Defendants Jeremy Wilson, Brock & Scott, PLLC, and Trustee Services of Carolina, LLC's Motion to Dismiss Plaintiffs' Complaint" (document #13) and "Defendant Brian Moynihan's Motion to Dismiss Plaintiffs' Complaint" (document #14) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

### NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs at 201 North McDowell Street, #35572, Charlotte, North Carolina 28235, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: November 28, 2017

David S. Cayer
United States Magistrate Judge